UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VALENCIA-MARIE COX,** *Family of Cox*, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Miscellaneous Action 22-mc-113 (TSC) |
| **ROBERT DEWEES, III,** *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM OPINION

*Pro se* petitioner Valencia-Marie Cox filed this miscellaneous action purportedly on behalf of the "Cox family" against fourteen individual Respondents. For the reasons set forth below, the court will dismiss this action without prejudice.

### I.   BACKGROUND

The nature of Petitioner's claims is unclear. She appears to allege that Respondents are "agents of a foreign principal" that are associated with a homeowner's association in Kentucky, a mortgage research center, and a bank. *See* Pet'r's Compl., ECF No. 1 at 1–2. She asserts that this lawsuit involves, *inter alia*, "a Constitutional matter involving a woman on the land complaining about theft and kidnap," as well as an attempted "foreclosure" of property Petitioner claims to own "free and clear." *Id.* at 2–4. She contends that Respondents "appear to be a debt collector putting them under" 15 U.S.C. § 1692, the Federal Debt Collections Practices Act, and she asks for "an order saying that they violated the [Act] by sending [Petitioners] letters that was

ambiguous." *Id*. at 2.  Petitioner also cites to criminal statutes involving admiralty law. *Id.* at 2 (citing 18 U.S.C. § 661).  She provided the court with a Kentucky address and lists Kentucky, South Carolina, Missouri, Ohio, or Pennsylvania addresses for Respondents.  *Id*. at 8.

On December 27, 2022, the court ordered Petitioner to show cause why this action should not be dismissed because: 1) venue appeared improper as all the events underlying her allegations appeared to have occurred in Kentucky, and Respondents did not appear to be residents of the District of Columbia; 2) Petitioner did not cite legal authority for this court to assert personal jurisdiction over the Respondents; and 3) Petitioner provided no justification for attempting to litigate her dispute as a miscellaneous action (involving a  $49 filing fee), rather than a civil action (involving a $402 filing fee).  *See* Show Cause Order, ECF No. 5.  The court ordered Petitioner to respond by January 30, 2023, or face dismissal of her action.  *Id*.

Petitioner responded with a two-paragraph motion to amend her complaint, Mot. for Leave to File Am. Compl., ECF No. 7, but did not attach a copy of a proposed amended complaint, as required by the court's local rules, and the court denied the motion.  *See* 1/27/23 Min. Order (citing LCvR 7(i)).  Cox did not ask the court to extend her show cause response deadline, although she did file a response after the deadline had passed.

## II.     ANALYSIS

Petitioner did not describe or propose amendments in her motion to amend her complaint, and so it is unclear whether the amendments would save her claims. Petitioner subsequently filed an untimely response to the Show Cause Order in which

she argued that venue is proper in this district because "[t]he unlawful conduct, illegal practices, and act that will be explained in the Amended Complaint were all committed within the Federal Reserve circular and involved real property." Pl.'s Resp. to Show Cause Order, ECF No. 8 at 2. She also mentioned the HUD-1 real estate form and contended that venue is proper in this district because the governmental agencies that created these documents are located in the District of Columbia and they are "directly associated as a party to the suit," purportedly because they exercise authority over the conduct of banks involved in foreclosures. *Id*. at 2.

These arguments are unavailing. Cox did not name a U.S. government agency in her petition or in her response, nor is there any indication that Respondents are legally associated with the U.S. government. Moreover, federal governmental oversight of a private entity does not establish venue in the District of Columbia for events that occurred elsewhere and involved defendants located elsewhere. *See* 28 U.S.C. § 1391(b).[1]

In addition, Petitioner provided no legal authority for this court to assert personal jurisdiction over Respondents. None of the Respondents appear to reside in the District of Columbia and Petitioner did not demonstrate that (1) Respondents transacted business in the District of Columbia, (2) the claim arose from the business

---

[1] Section 1391(b) provides that

> [a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction ....

transacted in the District, (3) Respondents had minimum contacts with the District, and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *Dooley v. United Techs. Corp.*, 786 F. Supp. 65, 71 (D.D.C.1992), abrogated on other grounds by *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087 (D.C. Cir. 2008).

Moreover, Petitioner's allegations do not satisfy the requirements of Rule 8(a), which states that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).

Finally, with respect to filing this matter as a miscellaneous case, Cox cites Federal Rule of Civil Procedure 27, arguing that miscellaneous cases "require resolution through the judicial system." ECF No. 8 at 3. But Rule 27 relates to the taking of depositions and therefore does not justify allowing a matter that appears to challenge a foreclosure to proceed as a miscellaneous action.

### III.   CONCLUSION

For the reasons set forth above, this court finds that this case was improperly filed as a miscellaneous case and will dismiss the case without prejudice for lack of venue. This court declines to exercise its discretion to transfer this case because the "interests of justice" would not be served by doing so. *See* 28 U.S.C. § 1406(a) (providing that cases filed in the wrong district may be dismissed or, "if it be in the interest of justice" transferred).

Date:  March 5, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge